58 CCPA

**BEECHAM PRODUCTS, INC., Appellant,**

**v.**

**HAWAIIAN PERFUMERS, INC., d.b.a. Liana of Waikiki, Appellee.**

**Patent Appeal No. 8515.**

United States Court of Customs and Patent Appeals.

April 29, 1971.

H. John Campaign, New York City, (Graham, McGuire & Campaign), New York City, attorneys of record, for appellant.

Edwin E. Greigg, Washington, D. C., for appellee.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and SKELTON, Judge, sitting by designation.

ALMOND, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board

dismissing the opposition by appellant to registration of appellee's trademark "TROPIC VENTURE" for after-shave cologne.

The record reveals that on May 20, 1966, appellee, Hawaiian Perfumers, Inc., filed an application [1] to register TROPIC VENTURE for after-shave cologne, alleging first use since May 16, 1966. On March 3, 1967, appellant, Beecham Products Inc. (now Beecham Inc.), filed a notice of opposition. Appellant contended that, among other things, appellant had made application [2] for the registration of its mark VENTURE for hair dressings, the mark had been published for purposes of opposition in the Official Gazette, registration had not been opposed and thus the mark should be deemed to have the status of a registered mark, and there is a likelihood of confusion between the two marks. In fact, appellant's application to register its mark matured into registration No. 826,-501 on March 28, 1967.

Appellee filed an informal response to the opposition which was followed by a letter from a member of the board notifying appellee of the requirements for a proper response. After the second response by appellee, two Patent Office actions were sent out on May 15, 1967. One merely corrected an error in the previously mentioned letter from the board member, and the other set the dates for taking testimony. Appellant claims to have received the first but not the second Office action of May 15. On March 19, 1968, shortly after an inquiry by appellee as to the status of the opposition (seemingly indicating that appellee also did not receive the second Office action of May 15), the Patent Office notified both parties that:

Applicant is advised that the times for the taking of testimony by both parties as designated in the Office action of May 15, 1967 have expired. Accordingly, this case will proceed to a final decision which will be based upon the records, consisting of applicant's application, the pleadings of the parties, opposer's registration, and a consideration of the question of likelihood of confusion raised thereby.

On June 21, 1968, the board rendered a decision dismissing the opposition, stating:

Opposer's application for registration of its mark is of no probative or evidentiary value herein. In view thereof, and since opposer has failed to take testimony or to introduce any other evidence in its behalf during the trial period, opposer has not proved its case.

Thereafter, appellant filed a motion to relieve and vacate under Rule 60(b) of the Federal Rules of Civil Procedure, asking relief from the decision of the board on the grounds of mistake, inadvertence, surprise, and excusable neglect. An affidavit was submitted with the motion attesting to the fact that no notice of dates for taking testimony had ever been received. Appellant also stated that it had relied on the letter of March 19, 1968, wherein it was indicated that the board would consider appellant's registration in reaching its decision. The board denied appellant's motion, stating:

Inasmuch as the date of this letter is March 19, 1968, a date which is long subsequent to the close of opposer's testimony period as set by the Office action of May 15, 1967, it in no way prejudiced opposer's rights herein on the merits. * * *

* * * upon receipt of the Office action of March 19, 1968 wherein it was indicated that trial dates had been set on May 15, 1967, it was incumbent upon opposer to contact this Office and explain that the Office action which it had received made no mention of any trial dates being reset [set?]. Opposer instead took no ac-

---

1. Serial No. 247,358.

2. Serial No. 207,472 filed December 4, 1964, alleging first use since November 14, 1964.

tion and it was not until after the decision of June 21, 1968 that opposer finally indicated that it had not received the Office letter which set trial dates herein.

Appellant appeals from the decisions of the board dismissing the opposition and denying the motion to relieve and vacate. In its brief, appellant stresses those points in the opposition proceedings which led it to move for relief in the first place. Appellee submits on record. Therefore, the only issue presented is whether the board was correct in dismissing the opposition for failure to take testimony and in not affording appellant any relief from that decision on the motion to relieve and vacate.

Apparently, appellant is not so much interested in actually taking testimony as it is in filing a notice of reliance on its registration. According to the Trademark Rules of Practice, this should be done before the closing of appellant's time for taking testimony. Rules 2.123 (c) and 2.122(b). Appellant states that it would have done so had it been notified of the dates for taking testimony.[3] In addition, appellant states that it would have made an effort to file such a notice even after learning from the March 19, 1968 Office action that the time for taking testimony had elapsed; however, it saw no need to file a notice of reliance on its registration at that time since the letter of March 19 indicated that appellant's registration would be considered. Therefore, appellant contends that:

> * * * the Board, by its Office action of March 19, 1968, lulled opposer into a position of false security and, in effect, denied it the opportunity of reopening the testimony periods for the purpose of filing a Notice of Reliance upon its registration and making a motion for judgment on the pleadings. The opportunity for taking such action was denied opposer because the Board clearly indicated that it was unnecessary in view of its announced intention to rely, on its own initiative, upon opposer's registration and on the pleadings which are always before the Board. Even apart from the informalities of the proceedings up to that point, opposer had every right to rely upon the Board's statement in the belief that it would do what it said it intended to do and what it had the power to do.

We agree with appellant that, under the circumstances, the board erred in dismissing the opposition and refusing to relieve appellant from that decision. Ordinarily, the mere fact that appellant did not receive any notice of the trial dates would not excuse it, since it would be incumbent on appellant when it learned of the oversight to ask for a reopening of the period for taking testimony and that was not done here until much later. However, it appears to us that appellant has a good and sufficient reason for not doing that in this case. That is, appellant had been informed that the board would take appellant's registration into consideration. It seems reasonable to us to rely on that statement and not request a reopening of the period for taking testimony merely for the purpose of submitting a notice of reliance on the registration. The registration was, according to the Patent Office, to be considered anyway.

Under these circumstances, it seems highly unjust to notify appellant that the registration would be considered and then not consider it but instead dismiss the opposition outright on the mere technicality that a proper notice of reliance on the registration had not been submitted during a testimony period (which also

---

3. It is noted that more than nine months had elapsed between the time appellant received the letter of May 15, 1967 and the letter of March 19, 1968, during which time appellant did not inquire as to the status of the opposition or inquire as to whether trial dates have been set. However, under the circumstances involved, we do not think this can deprive appellant of its right to oppose.

was not due to anything appellant had failed to do, but rather was due to its never having been notified of any such period). Therefore, we think that the board should have either considered appellant's registration, as it said it was going to do, or relieved appellant of the decision and given both parties a proper opportunity to take testimony.

Accordingly, the decision of the board is reversed and this case is remanded for the purpose of giving both parties an opportunity, if they wish, to take testimony (Rule 2.121) and to offer evidence during that period (Rules 2.123 and 2.-122) in order that a decision truly on the merits may eventually be made.

Reversed and remanded.