59 CCPA

**HOLIDAY, INC., Appellant,**

v.

**HOLIDAY MAGIC, Appellee.**

**Patent Appeal No. 8604.**

United States Court of Customs and Patent Appeals.

May 4, 1972.

Thomas B. Graham, New York City, atty. of record, for appellant.

John P. Sutton, Limbach, Limbach & Sutton, San Francisco, Cal., attys. of record, for appellee.

Before WORLEY, Chief Judge, and RICH, ALMOND, BALDWIN and LANE, Judges.

LANE, Judge.

This is an appeal from the decision of the Trademark Trial and Appeal Board dismissing appellant's opposition on the ground that appellant had failed to take testimony or introduce any evidence and therefore had failed to make out a prima facie case. Appellant has asserted that it did provide evidence, but that the board arbitrarily and erroneously refused to consider it or set a new period for taking testimony. Moreover, appellant contends, the Patent Office failed, to appellant's prejudice, to communicate a certain notice of a deficiency in the papers submitted by appellant. It appears that the clerk of the TTAB prepared and mailed a letter dated October 25, 1968, (hereinafter referred to as "the letter") about which more will be said later, and although appellee received it, appellant claims it did not.

Appellant here seeks a reversal of the board's decision and a remand for further proceedings, the thrust of its argument in the written brief apparently being the denial by the Patent Office tribunals of due process in their treatment of appellant. The issues have been somewhat narrowed by appellant's waiver of oral hearing filed in this court on October 4, 1971, in which it said:

> The reason for waiving the oral hearing is that the Appellant rests its case *entirely* upon the decision of the United States Court of Customs and Patent Appeals in Beecham Products, Inc. vs. Hawaiian Perfumers, Inc. [58 CCPA 1131, 440 F.2d 1037,] 169 USPQ 492 [(1971)], wherein the failure of the Patent Office to communicate a certain document to the Appellant resulted in a remand of proceedings.
>
> In the instant case we have precisely the same situation. The failure of the Patent Office to communicate a certain Notice of October 25, 1968 to this Appellant produced a total breakdown of communications between the Patent Office, Appellant's Attorney and Appellee's Attorney. (Emphasis added.)

For the reasons developed below, we do not find the situation in the present case to be in any way comparable to that in *Beecham*, nor do we find that appellant's failure to receive the letter resulted in any breakdown of communications or indeed, any prejudice to appellant. We accordingly affirm the board's decision.

Appellee filed an application [1] for registration of the trademark HOLIDAY MAGIC for cosmetic products. Appellant opposed registration alleging prior use of HOLIDAY on similar goods [2] and asserting that confusion was likely and in fact had occurred. Appellee's answer was in the nature of a general denial putting opposer to the proof of its averments. On August 8, 1968, the Patent Office notified the parties of the trial

---

1. Serial No. 249,906 filed July 11, 1966.

2. Appellant did not assert any prior registration of the mark.

dates. The testimony period for opposer was fixed to close on October 9, 1968.

It appears from the record that on September 4, 1968, appellee's attorney took the deposition of George Basciani, president of appellant corporation, for discovery purposes. On October 24, 1968, subsequent to the October 9 deadline, appellant submitted what it termed "Opposer's Record" which was a collection of documents comprising an affidavit executed by Basciani on October 9 indicating the adoption, as his testimony, of the discovery deposition taken by appellee, a transcript of that deposition, a series of exhibits, and an alleged stipulation by the parties concerning the accuracy of certain of the exhibits. On the following day, October 25, 1968, the Patent Office prepared the letter which now rests at the heart of the controversy. It reads as follows:

> Receipt is acknowledged on October 24, 1968 of one ribbon and one carbon of the testimony taken on behalf of opposer together with exhibits.
>
> It fails to appear, however, that such testimony has been certified or otherwise executed as required by Patent Rule 1.276.
>
> Accordingly, opposer is allowed until November 4, 1968 in which to comply herein.

Appellee moved to strike "Opposer's Record" in its entirety on November 25, 1968, complaining that it was filed subsequent to the October 9 termination date of appellant's testimony period and criticizing each set of documents on various grounds. Appellee argued that the deposition was taken by its attorney and could not be appropriated as the testimony of the opposing party, that the affidavit could not replace testimony since there was no opportunity for cross-examination and no provision in the Trademark Rules of Practice for such "testimony," that the exhibits were not submitted in accordance with the rules, that the stipulation was executed by only opposer and was not, therefore, a stipulation of the parties, and that in any case, no notice of reliance on any material was filed during opposer's testimony period as required by the rules. Appellee also made mention of the fact that it had received a copy of the letter from the Patent Office.

Appellant responded in opposition to the motion to strike contending that the failure to file a notice of reliance was purely a technical violation of the rules and of no substance in this case since, it asserted, appellee was informed that appellant intended to use the discovery deposition as its testimony. Appellant further urged that the record was timely since Bosciani's affidavit was *executed* on October 9, 1968, the last day of the testimony period. No mention was made of the letter.

Appellee replied with rebutting arguments. In this response, appellee stated:

> Moreover, the discovery deposition had not been certified or otherwise executed as required by Patent Rule 1.276. By Office action of October 25, 1968, the Clerk of the Trademark Trial and Appeal Board allowed Opposer until November 4, 1968, to comply with Patent Rule 1.276. There has been no compliance, but, even if there had been, this would not make a discovery deposition taken by Applicant available to Opposer as we have shown in our Motion to Strike.

In the next paragraph, appellee again referred to the absence of certification as a defect. In a rejoinder dated, according to the record, December 24, 1968, appellant stated:

> Reference in Opposer's [sic] papers dated December 18, 1968 is made to an Office Action of October 25, 1968. No such action has been received in the office of Counsel for the Opposer.

In the meanwhile, the record indicates that on December 19, 1968, an order was issued to appellant to show cause why the opposition should not be dismissed.

The attorney-examiner of the TTAB held:

> The "record" and exhibits accompanying same filed by opposer are inadmissible. In the first place, there has been no compliance by opposer to the Order of the Board of October 25, 1968 in which opposer was instructed to submit evidence that the "testimony" it seeks to rely on has been certified or otherwise executed as required by Patent Rule 1.276. Secondly, the use of a discovery deposition is controlled by Rule 2.120(a)(3) which provides that such depositions may be used in accordance with Rule 26(d)(1), (2) and (4) and (f) of the Federal Rules of Civil Procedure providing the parties offering the deposition, or any part thereof, in evidence file same before *the close of his testimony period and also files a notice of reliance thereon*. Aside from the fact the discovery deposition was untimely filed and was not accompanied by a notice of reliance thereon, opposer is not a proper party under subparagraphs d(1), (2) and (4) of Rule 26. Opposer is not the party intended by the rule to use the deposition taken by its adversary.

The attorney-examiner thus granted appellee's motion to strike the "record" on several grounds under Rule 2.120 as well as on the ground that the deposition was defective under Rule 1.276 as noted in the letter.

In response to the show cause order, appellant made various arguments to the effect that the deposition was not really a discovery deposition and that opposer should not be deprived of its cause of action purely on procedural technicalities, and alleged that appellant corporation was financially incapable of undergoing further expense. Appellant additionally stated:

> There has been no order dated October 25, 1968 of the Trademark Trial and Appeal Board received in the office of Counsel for the Opposer in the instant matter.

> * * * Should the Board decide that it should be treated as a deposition on discovery certification can be obtained. The stenographer is available. Certification by the stenographer seems unnecessary in view of the fact that it was taken in the presence of and by Counsel for the Applicant.

Appellant subsequently petitioned the Commissioner to rescind the show cause order and to permit it to rely on its "record." In this petition, appellant made no mention of the letter. The Commissioner ruled that to grant appellant relief would require the suspension of the Rules of Practice, an action taken only under extraordinary circumstances. Finding nothing sufficiently extraordinary in this case to warrant such action, the Commissioner denied the petition.

Subsequent to the Commissioner's decision, the board rendered its decision. The board summarized the proceedings to that point as follows:

> During the period provided opposer for the taking of its testimony-in-chief, opposer took no testimony. In lieu thereof, it submitted "two copies of Opposer's Record * * *." Upon receipt of the so-called record on November 25, 1968, applicant moved to quash same on the ground that said record comprised a discovery deposition and exhibits taken by the applicant and that opposer may not adopt as its own evidence which was adduced by applicant and which applicant neither filed nor intended to rely on in whole or in part.

> * * * [T]he Attorney-Examiner * * * rules, on December 19, 1968, that the record would not be received in evidence because opposer had violated Rule 2.120(a)(3).

The board held that appellant had failed to take testimony and stated that such a failure was not a mere procedural technicality. The opposition was accordingly dismissed.

Appellant requested reconsideration of both the board's decision and the Commissioner's decision, and each request

was denied. Appellant thereafter filed second requests with both the board and the Commissioner, and again, each was denied. This appeal followed. In the first set of requests for reconsideration, appellant made passing mention of the Office letter and its failure to receive it. No mention of the matter was made in the second set, and in none of the decisions was the letter or the defect to which it pertained discussed.

## OPINION

As noted earlier, appellant originally urged a broad denial of its rights by the Patent Office. The stress is now placed on appellant's failure to receive the letter, and it is on that fact and its legal result that we focus the inquiry. In its original brief on appeal to this court, appellant had the following to say about the matter:

* * * Opposer's record was prepared October 9, 1968 * * * [and] was served on Applicant.

Thereupon developed a remarkable set of failures of communication, the first of which was the failure of the Patent Office to communicate to Opposer its letter of October 25, 1968, advising Opposer of a missing certification in the transcript.

To this date the Opposer has not received that letter from the Patent Office.

The Patent Office engaged in unilateral communication with Applicant in communicating that letter to Applicant but not to Opposer.

The net result was the issuance by the Patent Office of an Order to Show Cause on the Opposer, following which the Trademark Trial and Appeal Board cancelled Opposer's record and dismissed the Opposition.

Hence, this appeal from the arbitrary and capricious action of the Trade Mark Trial and Appeal Board in dismissing the opposition out of hand.

In a supplemental brief, appellant further pressed the argument stating:

Appellant repeatedly made the point before the Patent Office that a certain Notice dated October 25, 1968, was never communicated to it. To this date that Notice has not been communicated to Appellant. A copy of that so-called Notice has been reproduced in the transcript herein. * *

It is fatal to any administrative proceeding to take an action, procedural or substantive, against a particular party without communicating a Notice to that party.

An exactly parallel situation was decided in *Beecham Products*, [supra] * * *.

Finally, appellant rested its entire case on this issue in its waiver of oral hearing, reproduced supra.

We do not think appellant's position is well-founded. Although it protests that it has yet to receive the letter, appellant was aware of its contents during the proceedings below. The attorney-examiner specified failure to comply with Rule 1.276 as a ground for the issuance of the show cause order and referred to the letter. Appellant repeated its claim that it had not received the letter and stated that it would comply if the board so required. The further argument was advanced that compliance was unnecessary. The board had these contentions before it when its decision was rendered. The board's decision, however, was silent as to this aspect of the attorney-examiner's order, and instead, the board affirmed the attorney-examiner's action based on failure to satisfy the requirements of Rule 2.120. We are convinced that the board's decision was not affected by the matter of certification and do not regard appellant as having been prejudiced by acquiring notice of the defect at a date later than that on which the official notice was intended by the Patent Office to be given.

There is nothing in the record to support the allegation of appellant that the

failure to communicate the Office letter "produced a total breakdown of communications between the Patent Office, Appellant's Attorney and Appellee's Attorney." The record is replete with communications dated subsequent to October 25, 1968, and with appellant's three petitions to the Commissioner and two requests for the board's reconsideration, it cannot be said that either the Patent Office or appellee could have misapprehended appellant's position. We find that to the contrary, the failure to receive the Office letter had no impact on the proceedings and accordingly do not regard that failure as providing a basis for reversal.

Appellant is not aided by *Beecham Products*. In that case, the opposer had not received the Patent Office letter fixing testimony periods. The opposer first became aware of that fact by virtue of another communication which indicated that the board would consider opposer's registration even though no notice of reliance was filed by the opposer during the testimony period which, unbeknown to the opposer, had expired. We reversed and remanded because we found that the board's subsequent refusal to consider the opposer's registration was unjust in light of its prior commitment. The differences between the factual situation in *Beecham Products* and that which frames the present appeal are striking and determinative. The fact that the board here did not rely on the defect which was noted in the unreceived letter is alone sufficient to distinguish *Beecham Products* from the present case. Where the appeal is predicated on the failure to receive notice, the particular factual setting is critical, and *Beecham Products* does not state a flat rule, as urged by appellant, that a failure to receive a paper from the Patent Office will lead to a reversal of the board's decision by this court.

Finally, we are not at all persuaded by appellant's characterizations of the event which occasioned this appeal as "a remarkable * * * failure of communication," or as the Patent Office engaging in "unilateral communication with Applicant." Implicit in this posture is an accusation of bad faith on the part of the Patent Office which is wholly unwarranted. There is no evidence tending to show definitively what happened, and for all we know, the Post Office may have been at fault, or indeed, the letter may have been received by someone in the office of counsel for appellant and inadvertently disposed of before reaching counsel's desk. These things happen, and unless the facts are reasonably certain, responsibility should not be haphazardly assigned.[3]

■ For the reasons we have set forth, we *affirm* the board's decision. This leaves two matters for consideration. First, appellee has moved to strike from the record before this court certain parts of the "Opposer's Record" certified hereto by the Patent Office at appellant's instance. Judge Baldwin denied appellee's motion without prejudice to renewal at oral hearing, and it was so renewed. We now deny appellee's motion with prejudice. This appeal has come to us with the material objected to having been formally struck by the attorney-examiner and the board. Appeal was taken from that decision, and we might have concluded it was erroneous. Because of the position subsequently adopted by appellant, we have treated only the failure of appellant to receive the letter and not the alleged defects which led the board to hold the evidence inadmissible. However, appellant was entitled to have the "testimony" in the record before this court. Had we reached the other possible issues in this case, we might have found it necessary to consider the evidence in order to de-

---

3. In fact, appellee appears correct in its observation that "[t]here is no verified showing that [the letter] was not received by Appellant." While appellee does not seriously challenge appellant's conten-tion that it was never received and we have based our decision on the assumption that the contention is true, this evidentiary void further underscores the inappropriateness of appellant's complaint.

termine the propriety of the board's action.

■ Appellee additionally moved to correct diminution of the record and assess costs to appellant. Judge Baldwin granted the motion to augment the record and reserved the decision on assessment for the final decision in the case. In brief, appellee added the Patent Office notice setting testimony periods, appellant's notice of filing "Opposer's Record," the letter in controversy, appellee's motion to strike and responses thereto which led to the issuance of the show cause order, and appellant's petitions to the Commissioner and board, appellee's replies thereto, and the decisions rendered thereon. Twenty-two documents were added. Appellant opposed the motion to add these papers and assess costs, asserting they are unnecessary and were added solely to so financially burden appellant that "it will be impossible for the Opposer to proceed."

Recalling that the gist of this appeal as originally filed was the charge that appellant had been denied due process, it is evident that a complete record would have to include all the decisions by the Patent Office and the papers filed by the parties which occasioned those decisions. The impact of the letter of October 25, 1968, could not possibly be assessed without having it before us. Indeed, appellant would have been in a poor position to press his argument had the letter not been added by appellee. Compare In re Locher, 455 F.2d 1396, 59 CCPA (1972). Similarly, the paper setting testimony periods had to be of record to even consider appellant's contention that his submission was timely. Finally, we think appellee was justified in adding the motion to strike and responses thereto since the arguments therein set the framework for the subsequent action by the board.

The papers added to the record were those which should have been certified to the court in the first instance in order for us to fully consider the merits of this appeal. We therefore assess the cost of the entire addition to appellant. We realize that printing costs are expensive, but appellant is the party that initiated this appeal, and it must bear the financial burden the appeal imposes.

The decision of the Trademark Trial and Appeal Board is affirmed. Appellee's motion to assess the cost of correcting diminution of the record to appellant is granted, and it is so ordered.

Affirmed.

WORLEY, C. J., took no part in the decision of this case.